UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RONALD SATISH EMRIT, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:13-CV-2592 CAS |
| MOHELA Corporation, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Ronald S. Emrit's motion to proceed in forma pauperis, as well as a myriad of other motions filed by plaintiff. The Court has reviewed plaintiff's financial affidavit and finds that he does not qualify for in forma pauperis status in this Court.[1] As such, plaintiff must pay the filing $400 filing fee within thirty (30) days in order to maintain an action in this Court. Plaintiff's failure to pay the filing fee within the time allotted will result in an immediate dismissal of this action, without prejudice.

The Court has also reviewed plaintiff's motion for appointment of pro bono counsel, and his motion will be denied at this time. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4)

---

[1]Plaintiff's financial affidavit shows that he receives royalties from TuneCore (a company that allows artists to sell their music online), has received a very large inheritance within the past year and also has some funds at his immediate disposal.

whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

Plaintiff seeks to bring an action for a violation of his civil rights under 42 U.S.C. § 1983 against his student loan lenders, MOHELA Corporation, KHESLC, Access Group, Sallie Mae and Southwest Student Services Corporation. He generally asserts that the lenders have violated his due process and equal protection rights by allowing his student loans to go into default without providing plaintiff with a notice and hearing.[2] Plaintiff additionally asserts that defendants committed "predatory lending" because they had constructive notice that these loans would drive plaintiff into bankruptcy.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. Moreover, plaintiff asserts that he attended several institutions of higher learning. Although plaintiff does not state whether or not he concluded all of his degrees at these institutions, he states that he instituted advanced courses of study in both law and business. As such, the Court feels that plaintiff has the ability to represent his own interests at this time and will deny his motion for appointment of counsel.[3]

Last, the Court will instruct the Clerk of Court to change the docket to reflect the defendant MOHELA's full name - MOHELA Corporation. Thus, plaintiff's motion for joinder will be denied

---

[2] It appears that plaintiff incurred the student loan debt while attending Brown University, St. Thomas University School of Law and the University of Arizona.

[3] Further, the Court has reviewed plaintiff's litigation history on PACER and found that plaintiff has pursued, or is in the process of pursuing, approximately twenty-seven (27) civil cases during the past two years. Thus, plaintiff has experience in bringing his own claims to federal court.

as moot. Plaintiff's request for forms, however, will be granted in part and denied in part, as set forth below.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **DENIED**. [Doc. 4]

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days to pay the full filing fee of $400 to the Clerk of Court. Plaintiff's failure to pay the full filing fee within thirty (30) days of the date of this Order will result in a dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** at this time. [Doc. 7]

**IT IS FURTHER ORDERED** that plaintiff's motion to correct the docket to reflect the proper name of defendant MOHELA Corporation is **GRANTED**. [Doc. 8] The Clerk of Court shall update the docket in accordance with plaintiff's amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for joinder of defendant MOHELA Corporation is **DENIED AS MOOT**. [Doc. 6]

**IT IS FURTHER ORDERED** that plaintiff's motion to have the U.S. Marshal Service effectuate service on his behalf is **DENIED** as plaintiff has not been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. Plaintiff's motion to have the Clerk of Court mail summons to him at this time is also **DENIED**. The Clerk shall mail summons to plaintiff after he pays the $400 filing fee in full. At that time plaintiff will be responsible for serving defendants on his own behalf. [Doc. 9]

**IT IS FURTHER ORDERED** that plaintiff's motion to have the Clerk mail him a blank motion to proceed in forma pauperis and a blank civil cover sheet is **GRANTED**. The Clerk shall provide these forms to plaintiff in accordance with this Order. [Doc. 10]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of February, 2014